MAY 14 2008

FILED

MAY 1 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

MARK T. CLARK )
) 
Plaintiff, )
v. )
UNITED STATES OF AMERICA, )
)
Defendant. )

08CV2790
JUDGE GOTTSCHALL
MAG. JUDGE KEYS

COMPLAINT FOR TAX REFUND

**NOW COMES THE PLAINTIFF, MARK T. CLARK** (hereinafter referred to as "Plaintiff', "Taxpayer", or "Clark") by and through his attorneys, **LAVELLE LAW, LTD.**, and complains of the Defendant, **UNITED STATES OF AMERICA**, (hereinafter referred to as "United States" or "Defendant"), as follows:

1. This is an action arising under the Internal Revenue laws of the United States for the recovery of tax penalties and related interest erroneously and illegally assessed and collected from plaintiff, Mark T. Clark.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. Sec 1346 (a)(1) (Section 1346 (a)(1), Title 28, United States Code and 26 U.S.C. Sec. 7742 (Section 7422, Title 26, United State Code).

3. Plaintiff is a citizen of the United States of America and the state of Illinois and county of Cook.

4. Defendant is the United States of America.

5. On or about the dates set forth below, the Internal Revenue Service assessed penalties under Section 6672 of the Internal Revenue Code (26 U.S.C. Sec. 6672) against Plaintiff for unpaid employment taxes withheld from the wages of employees of Tolbert's Roofing and Construction, Inc. (hereinafter referred to as "Tolbert's") for eight (8) quarters (hereinafter referred to collectively as "Relevant Quarters") in the following amounts:

| Date of Assessment | Quarter Ending | Amount |
|---|---|---|
| September 5, 2007 | March 31, 2003 | $44,327.09 |
| September 5, 2007 | June 30, 2003 | $9,038.28 |
| September 5, 2007 | September 30, 2003 | $6,784.75 |
| September 5, 2007 | December 31, 2003 | $18,738.12 |
| September 5, 2007 | March 31, 2004 | $45,471.88 |
| September 5, 2007 | June 30, 2004 | $27,151.76 |
| September 5, 2007 | September 30, 2004 | $45,471.88 |
| Unknown (Appears erroneously offset with prior quarters payments) | December 31, 2004 | $ |

6. On or about September 5, 2007, the Internal Revenue Service served written notice on Plaintiff of the above assessments and demanded payment thereof. True and correct copies of these notices are attached hereto as Exhibits A through H.

7. On or about August 8, 2007, Plaintiff made one (1) payment of $50.00 which was greater than the income tax and Insurance Contributions Act amount withheld from one employee by Tolbert's for the quarter ending December 31, 2004.

8. On or about January 9, 2008, Plaintiff made seven (7) separate payments of $50.00 each, each of which was greater than the income tax and Insurance Contributions Act amount withheld from one employee by Tolbert's during the Relevant Quarters (less the quarter ending December 31, 2004).

9. On or about January 9, 2008, Plaintiff separately filed claims for refund with the Internal Revenue Service for $50.00 each, plus interest on such amounts as provided by law, for the amounts paid for the Relevant Quarters. True and correct copies of these claims for refund are attached hereto as Exhibits I through P.

10. By notice of disallowance dated April 17, 2008, sent to Plaintiff's counsel by certified mail, the Internal Revenue Service notified Plaintiff that it had disallowed these claims for refund. A copy of this notice of disallowance is attached hereto as Exhibit Q.

11. Additionally, the Internal Revenue Service improperly applied overpaid taxpayer funds in the following amounts, totaling $21,001.64:

| | |
|---:|---|
| $5,624.91 | For tax period ending June 30, 2000 |
| $26.23 | For tax period ending June 30, 2000 |
| $612.01 | For tax period ending June 30, 2000 |
| $14,738.49 | For tax period ending June 30, 2000 |

Copy of taxpayer's IRS transcript is attached hereto as Exhibit R. Proof of the IRS demand for payment, taxpayer's payment and IRS subsequent relief for liability is attached as Exhibit S. The interest on said funds as of November 26, 2007 totaled $2,613.65 per IRS copy of IRS Notice is attached as Exhibit T.

12. As grounds for recovery, Plaintiff hereby incorporates by reference the facts and grounds contained in each of Plaintiff's Written Protest to Proposed Tax Fund Recovery Penalty attached hereto as Exhibits U. As stated more fully therein and in Paragraphs 12 through 35 below, Plaintiff was not a person required to collect, truthfully account for, and pay over the withheld employment taxes of the employees of Tolbert's for the Relevant Quarters. In addition, and in the alternative, Plaintiff did not willfully fail to collect such taxes or truthfully account for and pay over such taxes.

13. Tolbert's was a commercial roofing contractor.

14. Plaintiff was employed by Tolbert's from 1997 through September, 2004 as head estimator and salesman, and spent much of his time working in those areas.

15. Tolbert's president, Charles Green, (herein "Green") was solely in charge of all of Tolbert's accounting, tax and financial functions.

16. Plaintiff did not prepare, file, or calculate the Form 941 payroll tax returns during the Relevant Quarters or anytime prior to the Relevant Quarters.

17.    Plaintiff never reviewed or saw the Form 941 payroll tax returns for the Relevant Quarter except for the quarter ending 12/31/2004.

18.    Plaintiff, at the direction of Green, occasionally deposited payroll withholding funds with a local bank for the Internal Revenue Service ("IRS").

19.    Plaintiff was not responsible for payroll tax matters. He did not meet with Tolbert's independent accountant, James Jackson, to discuss ADP payroll records and payroll tax forms.

20.    Plaintiff had no responsibility for the financial decisions or policy of Tolbert's. He never prepared or reviewed a financial statement.

21.    Plaintiff did not prepare or review federal or state income tax returns, or tax returns of any kind for Tolbert's.

22.    Plaintiff had no knowledge that payroll taxes were unpaid for the Relevant Quarters until he was contacted by the IRS after 12/31/2004.

23.    At no time during or before the Relevant Quarters during his employment with Tolbert's did Plaintiff have authority to direct the payment of payroll taxes.

24.    Green determined Tolbert's financial policy, determined what was paid and when it was paid, requisitioned all checks, determined when checks were released, distributed, and delivered.

25.    Green was solely responsible for preparing, filing, and calculating the Form 941 payroll tax returns from 1997 through 10/1/2004.

26.    Green was solely responsible for depositing payroll withholding funds with the IRS.

27.    Green was solely responsible for requisitioning, authorizing, releasing, and distributing payroll checks, and for maintaining payroll records.

28.    Green was solely responsible for all financial decisions and policy of Tolbert's. He prepared or reviewed all financial statements.

29.    Green controlled all corporate bank accounts and reviewed statements from such accounts.

30.    Green was solely responsible for preparing and reviewing federal and state income tax returns, or tax returns of any kind.

31. Green was solely responsible for correspondence with any and all governmental agencies, all filings with such agencies, and for any discussions or agreements with governmental agencies.

32. The assessment of a Trust Fund Recovery Penalty tax liability against Clark for liabilities of Tolbert's was improper since he was not a responsible person, nor was he willful within the meaning of 26 USC § 6672. Further, the IRS has improperly computed the alleged penalty. Therefore, Plaintiff is entitled to refund of the entire $350.00 which he has paid plus statutory interest from the date of payment and to abatement of the original assessment of $196,983.76.

33. Plaintiff is not subject to any tax penalties under Section 6672 of the Internal Revenue Code for the withheld employment taxes of Tolbert's for the Relevant Quarters and is entitled to a refund of all amounts collected from Plaintiff and applied against such penalties, plus interest thereon as provided by law.

34. Plaintiff has incurred and continues to incur attorney's fees in this action and he is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 USC § 2412 (b) and IRC § 7430.

35. Plaintiff is the sole and absolute owner of these claims against the defendant and has made no transfer or assignment of any part thereof.

36. Plaintiff hereby demands trial by jury.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests:

1. Judgment for him and against the Defendant, **UNITED STATES OF AMERICA**, in the amount of $350.00 plus statutory interest and abatement of the assessment in the amount of $196,983.76

2. Plaintiff's attorney's fees and costs in this action to be paid by Defendant pursuant to 28 USC § 2412(b) and IRC § 7430; and

3. Such other relief as this Court deems just.

Respectfully submitted
Mark Clark

/s/Timothy M. Hughes 6208982
By one of his attorney's

Lavelle Law, Ltd.
501 W. Colfax
Palatine, IL 60067
#(847) 705-9698
Fax #(847) 241-1702
thughes@lavellelaw.com

S:\1001-1250\1043\Tax Court\Complaint.4.11.08.docx

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# A

Department of the Treasury
Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

29251-248-11000-07

IDRS: 0024976934

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200303 | 09/05/2007 | 670<br>570 |

Date of This Notice: 09/05/2007

If you find it necessary to inquire about your account, please refer to this number. 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 03/31/2003

Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the United States Treasury and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|---|
| 09/05/2007 ADD'L TAX | 290 | 0.00 | | |
| see enclosed notice | 960 | 44,327.09 | | 44,327.09 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# B

Department of the Treasury
Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

Document Locator Number: 29251-248-11001-07

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200306 | 09/05/2007 | 670<br>570 |

TDRS: 0024976934

Date of This Notice: 09/05/2007

If you find it necessary to inquire about your account, please refer to this number. 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 06/30/2003

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the United States Treasury and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|---|
| 09/05/2007 ADD'L TAX | 290 | 0.00 | | |
| see enclosed notice | 960 | 9,038.28 | | 9,038.28 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# C

Department of the Treasury
Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

29251-248-11002-07

IDRS: 0024976934

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200309 | 09/05/2007 | 670<br>570 |

Date of This Notice: 09/05/2007

If you find it necessary to inquire about your account, please refer to this number. 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 09/30/2003

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the United States Treasury and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (individual filers).**

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 09/05/2007 ADD'L TAX 290 | 0.00 | | |
| see enclosed notice 960 | 6,784.75 | | |
| | | | 6,784.75 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

09/18/2007 22:25 7083898737 TOLBERTS SERVICES PAGE 05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# D

Department of the Treasury
Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

29251-248-11003-07

IDRS: 0024976934

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200312 | 09/05/2007 | 670<br>570 |

Date of This Notice: 09/05/2007

If you find it necessary to inquire about your account, please refer to this number. 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 12/31/2003

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the United States Treasury and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 09/05/2007 ADD'L TAX 290 | 0.00 | | |
| See enclosed notice 960 | 18,738.12 | | |
| | | | 18,738.12 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

E

Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

29251-248-11004-07

IDRS: 0024976934

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200403 | 09/05/2007 | 670<br>570 |

Date of This Notice: 09/05/2007

If you find it necessary to inquire about your account, please refer to this number. 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 03/31/2004

Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the United States Treasury and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (Individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|---|
| 09/05/2007 ADD'L TAX | 290 | 0.00 | | |
| see enclosed notice | 960 | 45,471.88 | | 45,471.88 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

MARK T. CLARK )
)
Plaintiff, )
v. ) No.
UNITED STATES OF AMERICA, )
)
Defendant. )

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# F

Department of the Treasury
Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

Document Locator Number: 29251-248-11005-07

IDRS: 0024976934

Date of This Notice: 09/05/2007

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200406 | 09/05/2007 | 870<br>570 |

If you find it necessary to inquire about your account, please refer to this number. 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 06/30/2004

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the **United States Treasury** and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

**The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (individual filers).**

| Reference | | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|---|
| 09/05/2007 ADD'L TAX | 290 | 0.00 | | |
| see enclosed notice | 960 | 27,151.76 | | |
| | | | | 27,151.76 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# G

Department of the Treasury
Internal Revenue Service
Director
1973 N. Rulon White Blvd.
Ogden, UT 84201

29251-248-11006-07

IDRS: 0024976934

| MFT | Tax Period | Assessment Date | Trans Code |
|---|---|---|---|
| 55 | 200409 | 09/05/2007 | 670<br>570 |

Date of This Notice: 09/05/2007

If you find it necessary to inquire about your account, please refer to this number. ▶ 

Taxpayer

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413

Form Number: 2749
Plan/Report Number:
Tax Period Ended: 09/30/2004

Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check payable to the United States Treasury and send it with a copy of this notice to the address shown above. If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

The balance due may include Penalty and Interest. If you have any questions concerning the balance due or penalty and interest computation call us at 800-829-0115 (Business filers) or 800-829-8374 (individual filers).

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 09/05/2007 ADD'L TAX 290 | 0.00 | | |
| see enclosed notice 960 | 45,471.88 | | 45,471.88 |

Please return this copy with your payment to the address shown above

Form 3552 (1-2007) (Part 3)
Catalog No. 49356T

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# H

Department of the Treasury - Internal Revenue Service

Proposed Assessment of Trust Fund Recovery Penalty
(Sec. 6672, Internal Revenue Code or corresponding provisions of prior Internal Revenue laws)

Report of Business's Unpaid Tax Liability

Name and Address of Business EIN: 36-4088319
TOLBERTS ROOFING & CONSTRUCTION INC
4246 S WELLS ST
CHICAGO, IL 60609-2812

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Amount Outstanding | Penalty |
|---|---|---|---|---|---|
| 941 | 3/31/2003 | 03/23/2006 | 05/01/2006 | 76,771.08 | 44,327.09 |
| 941 | 6/30/2003 | 07/31/2003 | 09/29/2003 | 11,977.59 | 9,038.28 |
| 941 | 9/30/2003 | 11/03/2003 | 12/29/2003 | 10,301.50 | 6,784.75 |
| 941 | 12/31/2003 | 03/23/2006 | 05/01/2006 | 32,227.88 | 18,738.12 |
| 941 | 3/31/2004 | 03/23/2006 | 05/01/2006 | 81,875.81 | 45,471.88 |
| 941 | 6/30/2004 | 03/23/2006 | 05/01/2006 | 45,796.00 | 27,151.76 |
| 941 | 9/30/2004 | 03/23/2006 | 05/01/2006 | 76,887.28 | 45,471.88 |
| 941 | 12/31/2004 | 03/23/2006 | 05/01/2006 | 28,160.55 | 17,746.81 |
| | | | | Total Penalty: | 214,730.57 |

Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name and Address of Person Responsible SSN: [redacted]
MARK T CLARK SR

3227 EMERY LN
ROBBINS, IL 60472-2203

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b).

| Signature of person responsible | Date |
|---|---|
| | |

Cat. No. 21955U
BOD: WI

Form 2751 (Rev. 7-200

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# I

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Type or print | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |
| **1 Period.** Prepare a separate Form 843 for each tax period<br>From 01 / 01 / 2003 to 03 / 31 / 2003 | **2** Amount to be refunded or abated<br>$ 121,098.17 |

**3a** Type of tax, penalty, or addition to tax:

☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)

☑ Penalty—IRC section ▶ 6672

**b** Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:

☐ Interest as a result of IRS errors or delays.

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $121,098.17.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X [signature] 12-31-07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# J

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |

**1 Period.** Prepare a separate Form 843 for each tax period From **04 / 01 / 2003** to **06 / 30 / 2003**

**2** Amount to be refunded or abated $ **21,015.87**

**3a** Type of tax, penalty, or addition to tax:

☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)

☑ Penalty—IRC section ► 6672

**b** Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:

☐ Interest as a result of IRS errors or delays.

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ►

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $21,015.87.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X [signature] 12-31-07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.** Cat. No. 10180R Form **843** (Rev. 11-2005)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# K

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |

**1** **Period.** Prepare a separate Form 843 for each tax period
From **07 / 01 / 2003** to **9 / 30 / 2003**

**2** Amount to be refunded or abated **$ 17,086.25**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ► **6672**

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ► ____________

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $17,086.25.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X [signature] ........ 12-31-07
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

........ ........
Signature Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# L

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |
| **1 Period.** Prepare a separate Form 843 for each tax period<br>From 10 / 01 / 2003 to 12 / 31 / 2003 | **2** Amount to be refunded or abated<br>$ 50,966.00 |

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ 6672

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $50,966.00.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X [signature] 12-31-07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# M

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |

**1** **Period.** Prepare a separate Form 843 for each tax period
From **01 / 01 / 2004** to **03 / 31 / 2004**

**2** Amount to be refunded or abated **$ 127,347.69**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $127,347.69.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature] Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date 12-31-07

Signature — Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions. Cat. No. 10180R Form **843** (Rev. 11-2005)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# N

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |
| **1 Period.** Prepare a separate Form 843 for each tax period<br>From **04 / 01 / 2004** to **06 / 30 / 2004** | **2** Amount to be refunded or abated<br>$ **72,947.76** |

**3a** Type of tax, penalty, or addition to tax:

☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)

☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:

☐ Interest as a result of IRS errors or delays.

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $72,947.76.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature] 12-31-07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.** Cat. No. 10180R Form **843** (Rev. 11-2005)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# O

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |

**1 Period.** Prepare a separate Form 843 for each tax period
From **07 / 01 / 2004** to **9 / 30 / 2004**

**2** Amount to be refunded or abated **$ 122,359.16**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $122,359.16.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

x [signature] 12-31-07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**


# EXHIBIT


# P

Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

| | |
|---|---|
| Name of claimant<br>**Mark T. Clark** | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>**13611 Pulaski** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Robbins, IL 60472** | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>**Tolberts Roofing & Construction, Inc., 4246 S Wells Street, Chicago, IL 60609-2812** | Daytime telephone number<br>( ) |

**1 Period.** Prepare a separate Form 843 for each tax period
From **10 / 01 / 2004** to **12 / 31 / 2004**

**2** Amount to be refunded or abated
$ **45,907.36**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☑ Penalty—IRC section ► **6672**

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ►

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**Mark T. Clark was not responsible for the accounting, collection, or remittance of taxes for Tolbert's Roofing & Construction Services, Inc. (EIN: 36-4088319). Mr. Clark was not a responsible person of Tolbert's Roofing and Construction nor did he willfully fail to pay any tax.**

**Accordingly, Mr. Clark claims a refund and abatement of penalties in the amount of $45,907.36.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

X [signature] 12-31-07

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# Q



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
Washington, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Lavelle Law Ltd.
Atty. Timothy M. Hughes
208 South LaSalle St.
Suite 1200
Chicago, IL 60604

| | |
|---|---|
| EMPLOYEE NAME: | V. Brooks |
| EMPLOYEE BADGE NUMBER: | 36-08947 |
| EMPLOYEE SYMBOLS: | SE:S:C:F:TS:W:A:7:1 |
| TELEPHONE NUMBER: | 312-566-2909 |
| DATE: | April 17, 2008 |

**CERTIFIED MAIL**

Re: Mark T. Clark

Dear Mr. Hughes:

We have reviewed your client's request on Form 843, Claim for refund and abatement of the trust fund recovery penalty assessed against him for tax periods ending March 31, 2003, June 30, 2003, September 30, 2003, December 30, 2003, March 31, 2004, June 30, 2004, November 30, 2004 and December 31, 2004. These assessments were made under Internal Revenue Code Section 6672 because Tolbert's Roofing and Construction, Inc. did not pay the Federal employment taxes due for the tax periods above.

On August 17, 2007, the Chicago Appeals Office advised your client that he was found both responsible and willful for non-payment of these taxes as defined under IRC 6672. Since Mr. Clark has already received an administrative decision from our Appeals office, we can provide no further consideration for his claim. Attached is the letter from our Appeals office. We are closing our file.

If you wish to bring suit or proceedings for recovery of any tax, penalties, and other monies that were paid and for which this notice of disallowance is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or the United States Court of Federal Claims. The law permits you to do so within two years of the mailing date of this letter.

For any unpaid Section 6672 liability that arises from periods beginning or transactions occurring after December 31, 1998, the Internal Revenue Service is required to suspend most of its otherwise allowable collection activities if you file a proper lawsuit seeking a refund with respect to your disallowed refund claim for the Section 6672

liability. While the Internal Revenue Service is prohibited from collecting the unpaid portion of your liability by levy, the limitation period for the Internal Revenue Service to collect this liability is also suspended pursuant to IRC Section 6331(i)(5).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

P. Sowell

for David L. Jacoby
Manager, Technical Services

Enclosure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# R

Internal Revenue Service e-services
DEPARTMENT OF THE TREASURY

This Product Contains Sensitive Taxpayer Data

Request Date: 02-19-2008
Response Date: 02-19-2008
IRS Employee Number: 1VQBB
Tracking Number: 100023749014

# Account Transcript

FORM NUMBER: CIVIL PENALTY TAX PERIOD: Mar. 31, 2003

TAXPAYER IDENTIFICATION NUMBER: [redacted]

MARK T CLARK SR
13611 PULASKI
ROBBINS, IL 60472-1413-110

**<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>**

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 35,653.59
ACCRUED INTEREST: 1,106.75 AS OF: Mar. 03, 2008

ACCOUNT BALANCE PLUS ACCRUALS: 36,760.34

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| | NO RECORD OF RETURN FILED | | | |
| 240 | MISCELLANEOUS PENALTY<br>29251-248-11000-7 | 20073808 | 09-05-2007 | $44,327.09 |
| 290 | JEOPARDY ASSESSMENT<br>29251-248-11000-7 | 20073808 | 09-05-2007 | $0.00 |
| 196 | INTEREST ASSESSED | 20073808 | 10-01-2007 | $253.30 |
| 670 | SUBSEQUENT PAYMENT<br>MISCELLANEOUS PAYMENT | | 10-09-2007 | -$50.00 |
| 706 | OVERPAID CREDIT APPLIED<br>CIVIL PENALTY 200006 | | 09-05-2007 | -$5,624.91 |
| 706 | OVERPAID CREDIT APPLIED<br>CIVIL PENALTY 200006 | | 09-05-2007 | -$26.23 |
| 706 | OVERPAID CREDIT APPLIED<br>CIVIL PENALTY 200006 | | 09-05-2007 | -$612.01 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

MARK T. CLARK )
)
Plaintiff, )
v. ) No.
UNITED STATES OF AMERICA, )
)
Defendant. )

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# S

Department of the Treasury
Internal Revenue Service
KANSAS CITY, MO 64999

Date of this notice: OCT. 15, 2001
Taxpayer Identifying Number
Form: CVL PEN Tax Period: JUNE 30, 2000

For assistance you may call us at:
1-800-829-8815

CALLER ID: 533809

MARK T CLARK
3227 EMERY LN
ROBBINS IL 60472-2203275

## WE CHANGED YOUR ACCOUNT

AN ADJUSTMENT HAS BEEN MADE TO YOUR ACCOUNT REGARDING A CIVIL PENALTY PREVIOUSLY CHARGED.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

## STATEMENT OF ACCOUNT

| | |
|---|---|
| ACCOUNT BALANCE BEFORE THIS CHANGE | $31,918.17 DUE |
| THE PENALTY YOU WERE PREVIOUSLY ASSESSED FOR FAILURE TO PAY TRUST FUND TAXES AS A RESPONSIBLE PERSON WAS REMOVED. | 17,500.82CR |
| INTEREST CHARGED | 321.14 |
| AMOUNT YOU NOW OWE | $14,738.49 |

THE AMOUNT YOU OWE INCLUDES THE INTEREST ON THE PREVIOUS AMOUNT(S) OWED. THE INTEREST IS FIGURED TO THE DATE OF THIS NOTICE.

PLEASE PAY THE FULL AMOUNT BY OCT. 25, 2001. IF YOU'VE ALREADY PAID YOUR TAX IN FULL OR ARRANGED FOR AN INSTALLMENT AGREEMENT, PLEASE DISREGARD THIS NOTICE.

IF YOU HAVEN'T PAID, MAIL YOUR CHECK OR MONEY ORDER AND THE TEAR-OFF STUB FROM THE LAST PAGE OF THIS NOTICE. MAKE YOUR CHECK PAYABLE TO UNITED STATES TREASURY AND WRITE YOUR SOCIAL SECURITY NUMBER ON IT. IF YOU CAN'T PAY IN FULL, PLEASE CALL US TO DISCUSS PAYMENT.

02/17/2008 19:46 7083898737 TOLBERTS SERVICES PAGE 02

INTERNAL REVENUE SERVICE
KANSAS CITY, MO 64999

MARK T CLARK
3227 EMERY LN
ROBBINS IL 60472-2203275

200140 09 09254-667-52001-1

PAY ADJUSTED AMOUNT .......... $ *14,738.49*

LESS PAYMENTS NOT INCLUDED. $

AMOUNT YOU OWE .................... $14,738.49

Internal Revenue Service
REC'D WITH REMITTANCE
OCT 24 2001
CHICAGO-DEARBORN

RETURN THIS PART WITH YOUR CHECK OR INQUIRY
YOUR TELEPHONE NUMBER ( ) BEST TIME TO CALL

## MONEY ORDER

14500 CHICAGO ROAD - DOLTON, ILLINOIS [illegible]
PHONE: [illegible]
[illegible] BANK CHICAGO, ILLINOIS

No. 745237

MARK T CLARK SR. [redacted] *Civ Pen 6-30-00* 10/22/01
REMITTER

PAY TO THE ORDER OF U S TREASURY $14738.49

Fourteen Thousand Seven Hundred Thirty Eight and 49/100

THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO SEE THE MARK WHEN CHECKING ENDORSEMENTS.

⑈745237⑈ ⑆071002503⑆ 1⑈006470⑈

*Deposit to Civil Penalty only for Period ending 06/30/00 for Mark T Clark* [redacted]

**Internal Revenue Service**
General Appeals
Appeals Office
200 West Adams Street
Suite 600
Chicago, IL 60606

**Department of the Treasury**

**Person to Contact:**
RICHARD J. MROZEK
Employee ID Number: 3-25308
Tel: (312) 886-5736 ext. Ext. 614
Fax: 312-886-2709
**Refer Reply to:**
AP:GEN:IL:CHI:
**In Re:**
Trust Fund Recovery Penalty
**Tax Period(s) Ended:**
09/1997
12/1999
03/2000
06/2000
**SSN/EIN Number:**
[redacted]
**Corporation:**
Tolberts Roofing & Const., Inc.
**EIN:**
36-4088319

Date: MAY 22 2002

Mark T. Clark
3227 Emery Lane
Robbins, IL 60472-2203

Dear Taxpayer:

We have considered your protest and the evidence and arguments in support of your position against the Trust Fund Recovery Penalty assessment.

We are returning your case file to the Area Director with the determination that you be relieved of liability for the tax periods indicated above.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Gloria J. Ball

GLORIA J. BALL
Appeals Team Manager

cc: Timothy M. Hughes

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON**

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

# T

60472 IRS USE ONLY SB W

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0025

For assistance, call:
1-800-829-8374
**Your Caller ID:** 837476

**Notice Number:** CP49
**Date:** November 26, 2007

**Taxpayer Identification Number:**

**Tax Form:** CVL PEN
**Tax Year:** June 30, 2000

073188.444501.0382.009 1 AT 0.334 695

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413110

073188

## Overpaid Tax Applied to Other Taxes You Owe

We applied $8,876.80 of the overpaid tax on your 2000 tax return to the unpaid balance of other federal taxes which our records show you owe.

You may still be due a refund if we applied only part of your overpayment to other taxes. You also may be due a refund if you recently made a payment against the other taxes that we had not credited when we applied your overpayment. In either case, you will receive a check for any refund due you as long as the amount is greater than one dollar. You must request a refund of less than one dollar. If you have any questions, please call us at the number listed above.

The figures below show our calculation:

### How We Applied Your Overpayment

| | |
|---|---|
| Amount of Overpaid Tax on Your Return | $6,263.15 |
| Amount of Interest You Earned on Overpayment | $2,613.65 |
| Total Amount Due You | $8,876.80 |
| Total Amount Applied | $8,876.80 |
| Amount You Will Receive as a Refund (any interest due you will be added) | $.00 |

### Where We Applied Your Overpayment

| Form(s) | Tax Period(s) | Amount(s) Applied |
|---|---|---|
| CVL PEN | March 31, 2003 | $8,876.80 |

The following information may pertain to you if you are currently married or were previously married. Did we use your refund to pay for income taxes that you and a former (or current) spouse owe? If you file a claim, you may be eligible to receive relief from having to pay your former (or current) spouse's income tax debt. A successful claim for relief could change the tax you have to pay. You may not owe anything at all. You could receive your refund or other payments back.

CP:

Cincinnati Service Center 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 Tax Period: June 30, 2000

073108

CUT HERE

Return this voucher with your payment or correspondence.

Your Telephone Number: ( ) -

Best Time to Call: AM PM

☐ **Correspondence enclosed:**

- Write your Taxpayer Identification Number, tax period and tax form number on your inquiry or correspondence

8B 200746 09254-667-53001-1

49 Internal Revenue Service
Cincinnati, OH 45999-0025

MARK T CLARK SR
13611 PULASKI
ROBBINS IL 60472-1413110

RH CLAR 55 0 200006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| MARK T. CLARK | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF, MARK T. CLARK's**

# EXHIBIT

U

LAVELLE LEGAL SERVICES, LTD.
ATTORNEYS AND FINANCIAL COUNSELORS

208 SOUTH LA SALLE STREET
SUITE TWELVE HUNDRED
CHICAGO, ILLINOIS 60604-1003
TELEPHONE (312) 332-7555
FACSIMILE (312) 332-4083
WWW.LAVELLELAW.COM

(312) 332-7556
WRITER'S DIRECT LINE

thughes@lavellelaw.com
WRITER'S E-MAIL

WEST SUBURBAN:
1035 SOUTH YORK ROAD
BENSENVILLE, ILLINOIS 60106
TELEPHONE (630) 238-6616

KERRY M. LAVELLE
TIMOTHY M. HUGHES
THEODORE M. MCGINN

MATTHEW J. SHEAHIN
JULIE M. DOMBROSKY
LAUREN E. SCHAAF
CAMERON R. MONTI

NORTHWEST SUBURBAN:
501 WEST COLFAX
PALATINE, ILLINOIS 60067
TELEPHONE (847) 705 7555

NORTH SUBURBAN:
1401 NORTH WESTERN
LAKE FOREST, ILLINOIS 60045
TELEPHONE (847) 482-9740

RECEIVED
JUN 01 2006
CHICAGO APPEALS

June 1, 2006

Via Hand Delivery
Internal Revenue Service
200 W. Adams 6th floor
Chicago, Il 60604

IRS
230 S. Dearborn
Chicago, IL 60604
Attn: R.O. Morris

**APPEAL RIGHTS**
**Protest of**
**Trust Fund Recovery Penalty**
**Against**
**Mark Clark**
**SSN:** [redacted]

Dear Sir or Madam:

Pursuant to revenue officer, Morris', letter of May 5, 2006 advising taxpayer of the Proposed Assessment please find enclosed the following information requested by Publication 5 to protest said assessment:

1. Your Name, Address, social security number and daytime telephone number.

**Response:**

Mark Clark
13611 S. Pulaski
Robbins, Illinois 60472
SSN: [redacted]
Phone: (708) 389-7779
POA: Timothy M. Hughes
POA's Phone: (312) 332-7556
POA's Fax: (312) 332-4611

2. A statement you want to appeal the IRS finding to the Appeals Office and have a conference.

**Response:** Taxpayer requests a conference with the Chicago Appeals Office to object to the assessment of Trust Fund Recovery Penalty Against the Taxpayer. Taxpayer did not have sufficient time to obtain documents from dissolved corporation to refute the proposed assessment.

3. Copy of the IRS letter.

**Response:** A copy of IRS letter dated May 5,2006 is attached

4. Tax periods involved.

**Response:** Civil Penalty (Trust Fund) For Tolbert's Roofing & Construction, Inc ("Tolbert's Roofing" or "Tolbert's") for:.

Form 941 tax period 3/31/2003;
Form 941 tax period 6/30/2003;
Form 941 tax period 9/30/2003;
Form 941 tax period 12/31/2003;
Form 941 tax period 3/31/2004;
Form 941 tax period 6/30/2004;
Form 941 tax period 9/30/2004; and
Form 941 tax period 12/31/2004.

5. A list of the findings you disagree with.

**Response:** (for the seven quarters of 3/31/2003 to 9/30/2004) See following agreement regarding taxpayer's non-involvement in the accounting, collection, and remittance of taxes for Tolbert's Roofing. This position is consistent with a previous determination by IRS Appeals for other periods of Tolbert's Roofing.

Response: (Quarter ending 12/31/2004) form 941 was filed timely and corporation made its monthly deposits on time resulting in no balance due.

**PENALTY PERIOD**

For purpose of the following Appeal of taxpayer the Penalty Period shall include the 7 quarter from 3/31/2003 to 9/30/2004. The eighth quarter being protested has a full pay argument and Mr. Clark had different role with Tolbert's Roofing after his purchase of same on September 17, 2004.

**BACKGROUND**

Mr. Clark during the Penalty Period was merely a marketing and job operation specialist with Tolbert's Mr. Clark's duties in marketing and job operation did not directly or indirectly involve the prioritization of payments of Tolbert's to creditors during the Penalty Period. Mr. Clark's sole function with respect to check generation was that of preparing the checks for payment as directed by Charles Green who was the sole shareholder, director and officer of Tolbert's during the Penalty Period.

**COMMON LAW ISSUES PRESENTED**
**ALL PENALTY PERIOD QUARTERS**

1. Is the IRS proposed assessment of civil penalties against Clark proper in that the IRS found the following two factors are met?

A. Whether Clark was a person responsible to collect, truthfully account for and pay over to the IRS the trust fund taxes of Tölbert's for the quarters at issue; and

B. Whether Clark willfully failed to pay over to the United States the trust fund taxes of Tolbert's for the quarters at issue.

**ARGUMENT**

II. **CLARK WAS NEVER VESTED WITH THE REQUISITE DUTY TO PAY EMPLOYMENT**

**TAXES OR TO PRIORITIZE CREDITORS AND AS SUCH CANNOT BE CONSIDERED A RESPONSIBLE OFFICER OF TOLBERT'S.**

A. Monday v. U.S.

Internal Revenue Code §§ 6671 and 6672 are the basic provisions constituting trust fund recovery tax (100% penalty). In order for the liability to attach to a "person" under I.R.C. § 6672(a), the person must be one who is required to collect, truthfully account for, and pay over any tax imposed by the code.[1] Despite its broad language, I.R.C. § 6672 as interpreted by case law is decisively limited in scope with respect to individuals who are liable and the taxes on which they are liable.

I.R.C. § 6671(b) defines a "person" to be an "officer or employee of a corporation who . . . is under a duty to perform the act in respect to which the violation occurs." (Emphasis added).[2]

The code section articulated above clearly helps define the responsible "person" as a person who is under a definite duty to pay taxes, whether withholding or otherwise, to the IRS. By simple inverse implication, if an individual is not under such a duty to perform (note that the duty is an internal corporate duty and not a

---

[1] See I.R.C.§ 6672(a).

[2] See I.R.C. § 6671(b).

duty imposed by the Internal Revenue Service), then the individual cannot be held liable for the 100% penalty.

The Seventh Circuit in Monday v. United States, 421 F.2d 1210 (7th Cir. 1970), succinctly defines "responsibility" as follows:

> . . . liability attaches to those with power and responsibility within the corporate structure for seeing that the taxes withheld from various sources are remitted to the government. This duty is generally found in high corporate officials charged with the general control over corporate business affairs who participate in the decisions concerning payment of creditors and disbursal of funds . . . (emphasis added).[3]

Stated another way, liability for the 100% penalty attaches to the person or persons who have ultimate control over the finances of the corporation. The authority within the company to decide the priority of payment with respect to the creditors is the touchstone of the statute.[4]

In the instant matter, Clark never was involved in the day-to-day financial affairs of Tolbert or in its long term financial planning. Clark's work was limited to that of marketing and operations of Tolbert. With respect to corporate disbursements,

---

[3] See Id. at 1214-15.

[4] See Bauer v. United States, 38 A.F.T.R. 2d 76-5240, aff'd, 543 F.2d 142 (Cl. Ct. 1986).

Clark simply prepared checks[5] during the tax periods in question as a ministerial task. The checks made by Clark were directed to be paid by Charles Green who determined which Tolbert creditor would be paid and when creditors would be paid. This process of prioritizing creditors Clark had no role in performing or supervising.[6] Clark was to only prepare, not prioritize checks. The authority to prepare checks, combined with the actual signing of checks, without more does not support a finding of a responsible person status as was recently affirmed in In re Lou DeMarco a case decided in January 1999.[7]

---

[5] "[A]uthority to sign or co-sign checks . . . is one of many factors to consider when determining responsibility and must be viewed in light of other elements. The fact that an employee signed or co-signed corporate checks does not in itself establish responsibility. (Emphasis added). Internal Revenue Manual, ¶ 5542.1(3)." Roggeman v. United States, 85-2 USTC ¶ 9473.

[6] See IRS Appeals letter dated May 22, 2002 which regarding Mark Clark was not a responsible individual of Tolbert's for the 09/1999,12/1999,03/2002,06/2000 quarter.

[7] See also U.S. v. Schusteff, 92-2 USTC &50, 437 (N.D. Ill. 1992). (Salesman with check signing authority for store owned by salesman's brother's widow was not liable as responsible individual since he only signed checks at widow's direction.); Graunke v. U.S., 711 F. Supp. 388 (N.D. Ill. 1989) (corporate controller with authority to write checks but without authority over corporate decision making was not a responsible individual); Meikle v. U.S., 68-2 USTC #9611 (N.L. 1968) (Treasurer/Comptroller did not have control over funds of said corporation and was therefore not a responsible person); Barrett v. U.S., 580 F. 2d 449 Ct. Cl. (1978) (wife of founder of corporation who signed checks at the direction of her husband was not a responsible person); Carlson v. U.S., 91-1 USTC 50, 262 (D. Utah 1991) (signatory on checking account which was only in convenience to the corporate taxpayer was not a responsible person); Watson v. U.S., 86-1 USTC 9122 (E.D. Ky.1985) (office manager who wrote checks and

The court in Fort v. United States, 85-1 USTC ¶ 9170, held that the taxpayer McCormick was not a responsible person under I.R.C. § 6672. McCormick was an Illinois attorney who was a one-fourth owner of a holding company in which he served as an officer with authority to issue checks for the corporation. Despite the significant status of McCormick, the court held that McCormick was not a responsible officer since the mere fact that McCormick was a signatory on some of the corporate accounts does not mean that he had significant control over the financial decision making of the corporation. The court determined that when McCormick signed checks he "merely assumed the clerical duty of writing them." Id. Similarly, Clark limited preparation of Tolbert's checks was the equivalent of acting as a rubber stamp in validating the checks. Clark did not exercise any discretion over the corporation's accounts payable system. Clark did not know of all the liabilities of Tolbert's and therefore could not prioritize its creditors' claims. (See Section II *infra*).

In Merrill v. United States, 642 F. Supp. 1163 (W.D.N.C. 1986), the court denied the government's motion for summary judgment on the

---

paid bills at direction of corporate president not responsible individual) Geiger v. U.S., 583 F. Supp. 9166 (D. Aric. 1984) (acting corporate president not responsible person where checks were signed at the direction of shareholder); and Sadowski v. U.S., 687 F. Supp. 966 (E.D. Pa. 1988) ( wife of plumbing business owner, who wrote checks at husband's direction was not a responsible person).

issue of whether Merrill was a responsible person under I.R.C. §6672. Despite the government establishing that Merrill was a twenty-five percent stockholder, an officer of the corporation, had the authority to hire and fire employees, co-signed with another officer, a shareholder, a loan for the corporation and had the power to sign checks and signed a tax return for one quarter showing an overdue balance of more than $10,000.00. The Merrill, court held that Merrill had presented evidence indicating that there was a genuine issue of material fact with respect to the extent of Merrill's authority in corporate decision-making with respect to taxes due to the federal government. The evidence presented by the taxpayer in Merrill is far less than that evidence presented by Clark[8] in that both established that other individuals in a small corporation had the power and responsibility for seeing that taxes withheld from various sources are remitted to the government. Accordingly, since the role (no involvement) of Clark in the decision making of Tolbert's accounts payable is clear the civil penalty must be abated.

**B. United States v. Lumetta**

In the case of United States v. Lumetta, 73-1 USTC 1986 (E.D.

---

[8] Affidavit of Tolbert's accountant clearly indicates Clark's removal from the daily decision making in the financial/accounting functions of Tolbert's.

Mo. 1973), the Defendant was a director and officer of the employer corporation during the tax quarters in question, but was found not to have had sufficient control of financial decision to be liable under I.R.C. § 6672. Although the Defendant in Lumetta was authorized to sign checks for the corporation, the court found that such checks were always presented to him by others and that he "made no determination as to which creditors would be paid or as to when the checks would be issued, . . . nor did he possess any legal or actual power to exercise general policy or fiscal control to the extent he would be, or was, responsible for the corporation's failure to remit its payroll taxes."[9]

It is clear from the facts that Clark did not control the corporate finances during the Penalty Period. Clark was not involved either directly or indirectly in the prioritizing of creditors to be paid and which would not be paid. Clark simply prepared the checks as directed in his limited role in the accounts payable/payroll function. The decision making authority that determined that taxes would not be remitted to the government rested with Charles Green who had actual physical contact with the payroll withholding tax forms and full information regarding deposits and payments to IRS. With

---

[9] See Lumetta, 73-1 USTC 9386.

respect to payroll taxes, Clark was effectively "not in the loop on financial matters", See Harris Bank v. American Nat'l Bank & Trust Co., 92-1 USTC ¶ 5094, he had no knowledge of any liability owed to the IRS that was not properly addressed by Tolbert's. As such he cannot be held liable for tax penalties due from Tolbert's to the government.

## II. CLARK NEVER VOLUNTARILY, CONSCIOUSLY OR INTENTIONALLY PREFERRED OTHER CREDITORS OVER THE INTERNAL REVENUE SERVICE.

The second element required for liability under I.R.C. § 6672 is willfulness. Responsible officer of a corporation must have "willfully" failed to collect, account for and pay over the withheld taxes for liability to attach to him. Prior to the decision of Monday v. United States,[10] there was considerable confusion as to the definition of willfulness. Some courts interpret willfulness to mean without reasonable cause -- or justifiable excuse. Other courts tended to use the definition found in criminal statute -- bad faith or evil intent.

The court in Monday put to rest the question in the 7th Circuit: "An act is willful if it is voluntary, conscious, and intentional."[11]

---

[10] 421 F.2d 1210 (7th Cir. 1970).

[11] See Monday v. United States, 421 F.2d 1210 (7th Cir. 1970); Steele v. United States, 7 A.F.T.R. 2d 633 (D.C. ARK. 1960); Markewich v. United States, 7 A.F.T.R. 2d 845 (D.C. NY. 1961).

Therefore, a responsible person acted willfully only if he "knowingly used available funds to prefer other creditors over the Internal Revenue Service."[12] Consequently, the IRS cannot possibly take the taxpayer's "inaction" as a voluntary, conscious and intentional preference of other creditors over the Internal Revenue Service. The taxpayer was unfamiliar with withholding requirements and never was responsible for their preparation, accounting or remittance. Accordingly, the taxpayer did not "knowingly" use available funds to prefer other creditors to the IRS because he merely prepared checks as directed by the Tolbert officer responsible for accounts payable and Tolbert finances.

In fact, since the statute explicitly uses the word "willful" on several occasions in its text, courts have generally agreed that the burden of proof as to willfulness is on the Internal Revenue Service.[13] The record is replete[14] with evidence that the taxpayer was not involved in the corporate finances and did not know nor was expected to know that taxes were due when he signed checks. The

---

[12] See Monday v. United States, 421 F.2d 1210 (7th Cir. 1970).

[13] See Carroll v. United States, 5 A.F.T.R. 2d 523 (d.c.wa. 1960); DeFranco v. United States, 521 A.F.T.R. 1790 (d.c.ca. 1956)

[14] Tolbert's outside accountant has submitted an affidavit indicating Clark's non-involvement in Tolbert's daily financial affairs during the Penalty Period.

taxpayer did not turn his back on the reporting requirements since Charles Green was designated as the individual responsible for taking care of all of Tolbert' tax matters. This division of responsibility is natural based upon the individuals' vastly different business backgrounds and a recognized business practice. "The courts recognize the normal division of and limitation on authority exercised by various representatives of a particular business." Bauer v. United States, 543 F.2d 142 at 149 (1976).

While the IRS may assert that a separation of responsibilities with respect to payroll taxes does not automatically insulate a taxpayer if a taxpayer was reckless in disregarding an obvious or known risk that it was a failure to pay over to the government withholding taxes or that the taxpayer failed to investigate or track mismanagement after receiving notice that withholding taxes are not being paid over to the government. Kalb v. United States, 505 F.2d 506 (2d Cir. 1974). The law is well settled that mere negligence will not suffice to render a failure to pay as willful. Id.; Dudley v. United States, 428 F.2d 1196 (9th Cir. 1970). There is no evidence of Clark's actions ever rising to the level of negligent. At no time was Clark's put on notice that current withholding taxes were not remitted to the government. Further, the Tolbert accounting and tax work was solely controlled in the hands of Charles Green its sole

shareholder, full time employee, director and officer with many years of business experience running Tolbert. Clark was during the Penalty Periods not involved in the financial management of Tolbert's, which duties of meeting government tax responsibilities were assigned to Charles Green. During the Penalty Periods, Clark did not encounter any signs that there was any mismanagement of current withholding taxes.

**IV.CONCLUSION**

Mark Clark has clearly established his lack of willful failure to pay over trust fund taxes due to his non-involvement in the financial area of Tolbert's. Which non-involvement precludes him from being deemed a responsible individual. The taxpayer requests that the IRS' not assessed a civil penalty against the taxpayer.

6. Statement of fact, signed under Penalty Of Perjury, I declare that I have examined the facts presented in this statement and any accompany information, and, to the best of my knowledge and belief, they are true, correct, and complete.

May 31 2006 1:45PM Lavelle Legal Services, L 312-332-4611 p.14

May 31, 2006
Page 14

Mark Clark

If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

**Response.** See above response.

Sincerely,
LAVELLE LEGAL SERVICES, LTD.

Timothy M. Hughes

TMH:cm s/1043/ClarLltr2..wpd

14

'Internal Revenue Service

Department of the Treasury

Date: 5-5-06

Number of this Letter:
1153
Person to Contact:
S. MORRIS
Employee Number:
36-02981
IRS Contact Address:
INTERNAL REVENUE SERVICE
230 S DEARBORN ST
CHICAGO, IL 60604-

MARK T CLARK SR
3227 EMERY LN
ROBBINS, IL 60472-2203

IRS Telephone Number:
(312) 566-3013
Employer Identification Number:
36-4088319
Business Name and Address:
TOLBERTS ROOFING & CONSTRUCTION
INC
4246 S WELLS ST
CHICAGO, IL 60609-2812

Dear MR MARK T CLARK SR:

Our efforts to collect the federal employment or excise taxes due from the business named above have not resulted in full payment of the liability. We therefore propose to assess a penalty against you as a person required to collect, account for, and pay over withheld taxes for the above business.

Under the provisions of Internal Revenue Code section 6672, individuals who were required to collect, account for, and pay over these taxes for the business may be personally liable for a penalty if the business doesn't pay the taxes. These taxes, described in the enclosed Form 2751, consist of employment taxes you withheld (or should have withheld) from the employees' wages (and didn't pay) or excise taxes you collected (or should have collected) from patrons (and didn't pay), and are commonly referred to as "trust fund taxes."

The penalty we propose to assess against you is a personal liability called the Trust Fund Recovery Penalty. It is equal to the unpaid trust fund taxes which the business still owes the government. If you agree with this penalty for each tax period shown, please sign Part 1 of the enclosed Form 2751 and return it to us in the enclosed envelope.

If you don't agree, have additional information to support your case, and wish to try to resolve the matter informally, contact the person named at the top of this letter within ten days from the date of this letter.

You also have the right to appeal or protest this action. To preserve your appeal rights you need to mail us your written appeal within 60 days from the date of this letter (75 days if this letter is addressed to you outside the United States). The instructions below explain how to make the request.

APPEALS

You may appeal your case to the local Appeals Office. Send your written appeal to the attention of the Person to Contact at the address shown at the top of this letter. The dollar amount of the proposed liability for each specific tax period you are protesting affects the form your appeal should take.

| For each period you are protesting, if the proposed penalty amount is: | You should: |
|---|---|
| $25,000 or less | Send a letter listing the issues you disagree with and explain why you disagree. (Small Case Request). |
| More than $25,000 | Submit a formal Written Protest. |

One protest will suffice for all the periods listed on the enclosed Form 2751, however if any one of those periods is more than $25,000, a formal protest must be filed. Include any additional information that you want the Settlement Officer/Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

A SMALL CASE REQUEST should include:

1. A copy of this letter, or your name, address, social security number, and any information that will help us locate your file;
2. A statement that you want an Appeal's conference;
3. A list of the issues you disagree with and an explanation of why you disagree. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and/or any computation errors that you believe we made.

Please submit two copies of your Small Case Request.

A formal WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note that follows it.

1. Your name, address, and social security number;

2. A statement that you want a conference;

3. A copy of this letter, or the date and number of this letter;

4. The tax periods involved (see Form 2751);

5. A list of the findings you disagree with;

6. A statement of fact, signed under penalties of perjury, that explains why you disagree and why you believe you shouldn't be charged with the penalty. Include specific dates, names, amounts, and locations which support your position. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and/or any computation errors you believe we made;

   NOTE:

   To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

   "Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you. This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. Both forms are available from any IRS office. A properly written power of attorney or authorization is acceptable.

CLAIM FOR REFUND WITH NO SPECIAL BOND

If you do not file a special bond with a prompt claim for refund, as described above, you may still file a claim for refund following above action items 1 and 2, except these action items do not have been to be taken in the first 30 days after the date of the official notice of assessment and demand for the period.

If IRS has not acted on your claim within 6 months from the date you filed it, you can file a suit for refund. You can also file a suit for refund within 2 years after IRS has disallowed your claim.

You should be aware that if IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 60-day period for submitting a protest mentioned above.

For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the United States Court of Federal Claims, 717 Madison Place, NW, Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter (or 75 days if this letter is addressed to you outside the United States), we will assess the penalty and begin collection action.

Sincerely yours,

S. Morris

S. MORRIS

Revenue Officer

Enclosures: Form 2751
Publication 1
Envelope

Department of the Treasury - Internal Revenue Service

Proposed Assessment of Trust Fund Recovery Penalty
(Sec. 6672, Internal Revenue Code or corresponding provisions of prior Internal Revenue laws)

Report of Business's Unpaid Tax Liability

Name and Address of Business EIN: 36-4088319
TOLBERTS ROOFING & CONSTRUCTION INC
4246 S WELLS ST
CHICAGO, IL 60609-2812

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Amount Outstanding | Penalty |
|---|---|---|---|---|---|
| 941 | 3/31/2003 | 03/23/2006 | 05/01/2006 | 76,771.08 | 44,327.09 |
| 941 | 6/30/2003 | 07/31/2003 | 09/29/2003 | 11,977.59 | 9,038.28 |
| 941 | 9/30/2003 | 11/03/2003 | 12/29/2003 | 10,301.50 | 6,784.75 |
| 941 | 12/31/2003 | 03/23/2006 | 05/01/2006 | 32,227.88 | 18,738.12 |
| 941 | 3/31/2004 | 03/23/2006 | 05/01/2006 | 81,875.81 | 45,471.88 |
| 941 | 6/30/2004 | 03/23/2006 | 05/01/2006 | 45,796.00 | 27,151.76 |
| 941 | 9/30/2004 | 03/23/2006 | 05/01/2006 | 76,887.28 | 45,471.88 |
| 941 | 12/31/2004 | 03/23/2006 | 05/01/2006 | 28,160.55 | 17,746.81 |
| | | | | Total Penalty: | 214,730.57 |

Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name and Address of Person Responsible SSN: [redacted]
MARK T CLARK SR

3227 EMERY LN
ROBBINS, IL 60472-2203

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b).

| Signature of person responsible | Date |
|---|---|
| | |

Cat. No. 21955U
BOD: WI

Form 2751 (Rev. 7-200

STATE OF ILLINOIS )
) S.S.
COUNTY OF COOK )

**AFFIDAVIT OF JAMES JACKSON**

I, JAMES JACKSON (hereinafter referred to as "I" or "Affiant"), being duly sworn, upon oath, depose and state as follows:

1. That I am of legal age and not under any legal disability to execute this Affidavit.

2. That I am the accountant for Tolberts Roofing & Construction, Inc. (the "Corporation or Tolberts") and have been since May 1996 when it began operating.

3. That I work at 3229 137th, Robbins, Illinois 60472, phone number (708) 388-0101 and carried out my accounting work for the Corporation at said location.

4. That the Corporation's Federal and State tax work was handled between Charles Green, Tolberts sole shareholder, director and officer, and myself from 1997 through September 2004.

5. That to the best of my knowledge, only Charles Green was aware of the Federal and State tax deficiencies of the Corporation from 1998 through the 3rd quarter of 2004.

6. To the best of my knowledge between 1998 and September 2004, Mark Clark had no duties for Tolberts regarding the accounting of, collection of, or remittance of Federal and State taxes

Further, Affiant sayeth not.

James Jackson Jr.
James Jackson

Subscribed and sworn to before me this 24th day of February, 2005.

"OFFICIAL SEAL"
HUGHES

Notary Public

S:\1043\Clark.aff.2.wpd

...O TRUST FUND RECOVERY PENALTY ...INDIVIDUAL RELATIVE

Date of Interview:

Person Interviewed: CHARLES GREEN Title: President

SSN: [redacted] Effective Dates: From 1/1/97 To 11/5/02

| Did you | Yes | No | Dates From | Dates To | Did anyone else? (Name) | Dates From | Dates To |
|---|---|---|---|---|---|---|---|
| 1. Hire/fire employees | X | | 1/1/97 | 11/5/02 | NO | 1/1/97 | 11/5/02 |
| 2. Manage employees | X | | 1/1/97 | 11/5/02 | NO | 1/1/97 | 11/5/02 |
| 3. Direct or authorize payment of bills | X | | 1/1/97 | 11/5/02 | NO | 1/1/97 | 11/5/02 |
| 4. Sign/countersign payment of bills | X | | 1/1/97 | 11/5/02 | NO | 1/1/97 | 11/5/02 |
| 5. Authorize payroll checks | X | | 1/1/97 | 11/5/02 | NO | 1/1/97 | 11/5/02 |
| 6. Prepare and/or sign payroll tax returns | X | | 1/1/97 | 11/5/02 | NO | 1/1/97 | 11/5/02 |

ADDITIONAL COMMENTS

I declare that I have examined the information given in this statement and, to the best of my knowledge and belief, it is true, correct and complete.

x Charles J Green
Signature of Person Interviewed

11/5/02
Date

Test Form 4180EZ (Rev 4/95)

**AFFIDAVIT OF CHARLES GREEN**

I, Charles Green (herein referred to as "I" or "Affiant"), being duly sworn, upon oath, depose and states as follows:

1. That I am of legal age and not under any legal disability to execute this Affidavit.

2. That I am a shareholder, director and officer of Tolbert's Roofing and Construction, Inc., an Illinois corporation having its principal place of business at 12456 South Michigan Avenue, Chicago, Illinois 60628 (hereinafter referred to as "TRC").

3. That this affidavit is made in support of protest and assessment of trust fund penalty against Mark Clark by the Internal Revenue Service for the following periods, 12/31/99, 3/31/00 and 6/30/00 (hereinafter referred to as the "Penalty Periods").

4. That during the Penalty Periods I was the sole responsible person for the accounting, collecting and remitting of TRC payroll taxes.

5. Further that Mark Clark did not make decisions on what creditors would be paid by TRC, he did not direct or pay creditors over TRC tax deposits, Mr. Clark did not authorize payroll checks or sign payment of bills over TRC tax liabilities.

FURTHER AFFIANT SAYETH NOT.

Charles Green

Subscribed and sworn to before me this 27th day of April, 2001.

Notary Public

OFFICIAL SEAL
TIMOTHY M HUGHES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/27/02

L35/green3.aff