IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK T. CLARK, | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil No. 08-CV-2790 |
| | ) | Judge Gottschall |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES GREEN, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

UNITED STATES OF AMERICA'S ANSWER AND
COUNTERCLAIM WITH DEMAND FOR JURY TRIAL

NOW COMES the defendant United States of America, by its undersigned counsel, and for its answer to the plaintiff's complaint states and alleges as follows:

FIRST DEFENSE

To the extent that the plaintiff has failed to file a claim for refund as required by 26 U.S.C. § 7422, the complaint must be dismissed for lack of jurisdiction.

SECOND DEFENSE

To the extent that the complaint varies from any claim for refund, there is an impermissible variance and the complaint must be dismissed.

THIRD DEFENSE

Defendant United States of America has satisfied plaintiff's claim for refund with regard to tax penalties under 26 U.S.C. § 6672 with respect to the quarter ending December 31, 2004.

1

## FOURTH DEFENSE

To the extent plaintiff has failed to timely file a claim for refund, this action is barred by the applicable statute of limitations and sovereign immunity.

## FIFTH DEFENSE

The plaintiff failed to file an administrative claim for refund as required by 26 U.S.C. §7430.

## SIXTH DEFENSE

As for its sixth defense, the defendant United States of America responds to the separately-numbered Paragraphs of the plaintiff's complaint (single-spaced in italics) as follows:

*1.    This is an action arising under the Internal Revenue laws of the United States for the recovery of tax penalties and related interest erroneously and illegally assessed and collected from plaintiff, Mark T. Clark.*

**ANSWER:**    Admits that this is an action to recover tax penalties and interest, and denies the remaining allegations in Paragraph 1.

*2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. Sec 1346 (a)(1) (Section 1346 (a)(1), Title 28, United States Code and 26 U.S.C. Sec. 7742 (Section 7422, Title 26, United States Code).*

**ANSWER:**    Admits the allegations in Paragraph 2.

*3.    Plaintiff is a citizen of the United States of America and the state of Illinois and county of Cook.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

*4.    Defendant is the United States of America.*

**ANSWER:**    Admits the allegations in Paragraph 4.

   5.   On or about the dates set forth below, the Internal Revenue Service assessed penalties under Section 6672 of the Internal Revenue Code (26 U.S.C. Sec. 6672) against Plaintiff for unpaid employment taxes withheld from the wages of employees of Tolbert's Roofing and Construction, Inc. (hereinafter referred to as "Tolbert's") for eight (8) quarters (hereinafter referred to collectively as "Relevant Quarters") in the following amounts:

| Date of Assessment | Quarter Ending | Amount |
| --- | --- | --- |
| September 5, 2007 | March 31, 2003 | $44,327.09 |
| September 5, 2007 | June 30, 2003 | $9,038.28 |
| September 5, 2007 | September 30, 2003 | $6,784.75 |
| September 5, 2007 | December 31, 2003 | $18,738.12 |
| September 5, 2007 | March 31, 2004 | $45,471.88 |
| September 5, 2007 | June 30, 2004 | $27,151.76 |
| September 5, 2007 | September 30, 2004 | $45,471.88 |
| Unknown (Appears erroneously offset with prior quarter payments) | December 31, 2004 | $ |

   **ANSWER:**   Admits that the tax penalties under 26 U.S.C. § 6672 in regard to the quarters ending March 31, 2003 through September 30, 2004, inclusive, were assessed on September 5, 2007, in the amounts listed, denies that an assessment was made under 26 U.S.C. § 6672 in regard to the quarter ending December 31, 2004, and currently lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

   6.   On or about September 5, 2007, the Internal Revenue Service served written notice on Plaintiff of the above assessments and demanded payment thereof. True and correct copies of these notices are attached hereto as Exhibits A through H.

   **ANSWER:**   Admits that, on or about September 5, 2007, the Internal Revenue Service served written notice on Plaintiff of the tax penalty assessments in regard to the quarters ending

March 31, 2003, through September 30, 2004, inclusive, as referred to in Paragraph 5 of the complaint.  Denies that a copy of a notice regarding a tax penalty assessment in regard to the quarter ending December 31, 2004 is attached as an exhibit to the complaint.  Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

*7.    On or about August 8, 2007, Plaintiff made one (1) payment of $50.00 which was greater than the income tax and Insurance Contributions Act amount withheld from one employee by Tolbert's for the quarter ending December 31, 2004.*

**ANSWER:**    Admits that Plaintiff made one (1) payment of $50.00 in regard to the quarter ending December 31, 2004, and 26 U.S.C. § 6672, but avers that this payment was made on January 16, 2008, and refunded on February 11, 2008.  The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

*8.    On or about January 9, 2008, Plaintiff made seven (7) separate payments of $50.00 each, each of which was greater than the income tax and Insurance Contributions Act amount withheld from one employee by Tolbert's during the Relevant Quarters (less the quarter ending December 31, 2004).*

**ANSWER:**    Admits the allegations in Paragraph 8.

*9.    On or about January 9, 2008, Plaintiff separately filed claims for refund with the Internal Revenue Service for $50.00 each, plus interest on such amounts as provided by law, for the amounts paid for the Relevant Quarters.  True and correct copies of these claims for refund are attached hereto as Exhibits I through P.*

**ANSWER:**    Admits the allegations in Paragraph 9.

*10.    By notice of disallowance dated April 17, 2008, sent to Plaintiff's counsel by certified mail, the Internal Revenue Service notified Plaintiff that it had disallowed these claims for refund.  A copy of this notice of disallowance is attached hereto as Exhibit Q.*

**ANSWER:** Admits the allegations in Paragraph 10, except denies that the claim for refund for the quarter ending December 31, 2004, was denied and avers that the $50.00 claimed was refunded to the plaintiff with interest.

11. *Additionally, the Internal Revenue Service improperly applied overpaid taxpayer funds in the following amounts, totaling $21,001.64:*

*$5,624.91     For tax period ending June 30, 2000*
*$26.23        For tax period ending June 30, 2000*
*$612.01       For tax period ending June 30, 2000*
*$14,738.49    For tax period ending June 30, 2000*

*Copy of taxpayer's IRS transcript is attached hereto as Exhibit R. Proof of the IRS demand for payment, taxpayer's payment and IRS subsequent relief for liability is attached as Exhibit S. The interest on said funds as of November 26, 2007 totaled $2,613.65 per IRS copy of IRS Notice is attached as Exhibit T.*

**ANSWER:** Admits that a copy of an IRS transcript with regard to plaintiff's tax penalty assessment under 26 U.S.C. § 6672 in regard to the quarter ending March 31, 2003, is attached to the complaint as Exhibit R. Admits that overpayments in the amounts of $5,624.91, $26.23, and $612.01 were applied toward plaintiff's tax penalty assessment under 26 U.S.C. § 6672, in regard to the quarter ending March 31, 2003, or any other quarter at issue. Denies that an overpayment in the amount of $14,738.49 was applied toward plaintiff's tax penalty assessment under 26 U.S.C. § 6672, in regard to the quarter ending March 31, 2003. Admits that Exhibit S contains a copy of notice from the IRS which demands payment of a balance owed by the plaintiff for an assessment made under 26 U.S.C. § 6672 in regard to the quarter ending June 30, 2000; denies that Exhibit S has "proof" of "taxpayer's payment and IRS subsequent relief for liability," and avers that Exhibit S contains a copy of a money order from Mark T. Clark made out to the U.S. Treasury, and a copy of a letter from the Internal Revenue Service, General Appeals office, and that letter reflects a determination that Plaintiff be relieved of liability under

26 U.S.C. § 6672 in regard to the tax periods ended 09/1997, 12/1999, 03/2000, and 06/2000. Admits that Exhibit T is a copy of an IRS Notice which indicates that interest earned on an overpayment for plaintiff's 2000 tax return was $2,613.65, and was applied to a penalty in regard to the quarter ending June 30, 2000. Denies that the IRS improperly applied any overpaid funds, and currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. *As grounds for recovery, Plaintiff hereby incorporates by reference the facts and grounds contained in each of Plaintiff's Written Protest to Proposed Tax Fund Recovery Penalty attached hereto as Exhibits U. As stated more fully therein and in Paragraphs 12 through 35 below, Plaintiff was not a person required to collect, truthfully account for, and pay over the withheld employment taxes of the employees of Tolbert's for the Relevant Quarters. In addition, and in the alternative, Plaintiff did not willfully fail to collect such taxes or truthfully account for and pay over such taxes.*

**ANSWER:**   Admits that Exhibit U is attached to plaintiffs complaint, and denies the remaining allegations in Paragraph 12.

13. *Tolbert's was a commercial roofing contractor.*

**ANSWER:**   The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. *Plaintiff was employed by Tolbert's from 1997 through September, 2004 as head estimator and salesman, and spent much of his time working in those areas.*

**ANSWER:**   The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. *Tolbert's president, Charles Green, (herein "Green") was solely in charge of all of Tolbert's accounting, tax and financial functions.*

**ANSWER:**   Denies the allegations in Paragraph 15.

16. *Plaintiff did not prepare, file, or calculate the Form 941 payroll tax returns during the Relevant Quarters or anytime prior to the Relevant Quarters.*

**ANSWER:** The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.   *Plaintiff never reviewed or saw the Form 941 payroll tax returns for the Relevant Quarter except for the quarter ending 12/31/2004.*

**ANSWER:** The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.   *Plaintiff, at the direction of Green, occasionally deposited payroll withholding funds with a local bank for the Internal Revenue Service ("IRS").*

**ANSWER:** The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.   *Plaintiff was not responsible for payroll matters. He did not meet with Tolbert's independent accountant, James Jackson, to discuss ADP payroll records and payroll tax forms.*

**ANSWER:** Denies that plaintiff was not responsible for payroll matters, and currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20.   *Plaintiff had no responsibility for the financial decisions or policy of Tolbert's. He never prepared or reviewed a financial statement.*

**ANSWER:** Denies the first sentence of Paragraph 20, and currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 20.

21.   *Plaintiff did not prepare or review federal or state income tax returns, or tax returns of any kind for Tolbert's.*

**ANSWER:** The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. *Plaintiff had no knowledge that payroll taxes were unpaid for the Relevant Quarters until he was contacted by the IRS after 12/31/2004.*

**ANSWER:** Denies the allegations in Paragraph 22.

23. *At no time during or before the Relevant Quarters during his employment with Tolbert's did Plaintiff have authority to direct the payment of payroll taxes.*

**ANSWER:** Denies the allegations in Paragraph 23.

24. *Green determined Tolbert's financial policy, determined what was paid and when it was paid, requisitioned all checks, determined when checks were released, distributed, and delivered.*

**ANSWER:** Admits the allegations of Paragraph 24, except that the United States denies that Green had the authority to do those things exclusively or that Green did these things exclusively.

25. *Green was solely responsible for preparing, filing, and calculating the Form 941 payroll tax returns from 1997 through 10/1/2004.*

**ANSWER:** Denies the allegations in Paragraph 25.

26. *Green was solely responsible for depositing payroll withholding funds with the IRS.*

**ANSWER:** Denies the allegations in Paragraph 26.

27. *Green was solely responsible for requisitioning, authorizing, releasing, and distributing payroll checks, and for maintaining payroll records.*

**ANSWER:** Denies the allegations in Paragraph 27.

28. *Green was solely responsible for all financial decisions and policy of Tolbert's. He prepared or reviewed all financial statements.*

**ANSWER:** Denies the allegations in Paragraph 28, except that the United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Green prepared all financial statements.

29. *Green controlled all corporate bank accounts and reviewed statements from such accounts.*

**ANSWER:** Admits that Green reviewed statements from all corporate bank accounts, and denies the remaining allegations in Paragraph 29.

30. *Green was solely responsible for preparing and reviewing federal and state income tax returns, or tax returns of any kind.*

**ANSWER:** Denies the allegations in Paragraph 30.

31. *Green was solely responsible for correspondence with any and all governmental agencies, all filings with such agencies, and for any discussions or agreements with governmental agencies.*

**ANSWER:** Denies the allegations in Paragraph 31.

32. *The assessment of a Trust Fund Recovery Penalty tax liability against Clark for liabilities of Tolbert's was improper since he was not a responsible person, nor was he willful within the meaning of 26 USC § 6672. Further, the IRS has improperly computed the alleged penalty. Therefore, Plaintiff is entitled to refund of the entire $350.00 which he has paid plus statutory interest from the date of payment and to abatement of the original assessment of $196,983.76.*

**ANSWER:** Denies the allegations in Paragraph 32.

33. *Plaintiff is not subject to any tax penalties under Section 6672 of the Internal Revenue Code for the withheld employment taxes of Tolbert's for the Relevant Quarters and is entitled to a refund of all amounts collected from Plaintiff and applied against such penalties, plus interest thereon as provided by law.*

**ANSWER:** Denies the allegations in Paragraph 33.

34. *Plaintiff has incurred and continues to incur attorney's fees in this action and he is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 USC § 2412(b) and IRC § 7430.*

**ANSWER:** Denies the allegations in Paragraph 34.

35. *Plaintiff is the sole and absolute owner of these claims against the defendant and has made no transfer or assignment of any part thereof.*

**ANSWER:**   The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.   *Plaintiff hereby demands trial by jury.*

**ANSWER:**   In regard to Paragraph 36, admits that the plaintiff has demanded a jury trial on all issues triable by a jury.

## COUNTERCLAIM

The United States of America hereby asserts, as a counterclaim plaintiff, a counterclaim against the counterclaim defendant Mark T. Clark, and joins as a defendant to the counterclaim, Charles Green, and for its counterclaim alleges as follows:

37.   This counterclaim is brought pursuant to Rule 13 of the Federal Rules of Civil Procedure against Mark T. Clark and Charles Green. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1346(c), and 26 U.S.C. § 7402.

38.   Pursuant to 26 U.S.C. § 7401, this counterclaim has been authorized and sanctioned by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States of America.

39.   This is an action to reduce to judgment federal tax assessments made against the counterclaim defendant Mark T. Clark and counterclaim defendant Charles Green, who reside within the jurisdiction of the Court or are otherwise subject to its jurisdiction.

40.   On September 5, 2007, a delegate of the Secretary of the Treasury made assessments in accordance with law against the counterclaim defendant Mark T. Clark, of a tax penalty, pursuant to 26 U.S.C. § 6672, by reason of his willful failure to collect, truthfully account for, and pay over income and Federal Insurance Contributions Act ("FICA") taxes

withheld from the employees of Tolbert's Roofing and Construction, Inc. The chart below shows the amounts assessed for the respective quarters:

| TAX PERIOD ENDING | ASSESSED AMOUNT OF TRUST FUND RECOVERY PENALTY |
|---|---|
| March 31, 2003 | $44,327.09 |
| June 30, 2003 | $ 9,038.23 |
| September 30, 2003 | $ 6,784.75 |
| December 31, 2003 | $18,738.12 |
| March 31, 2004 | $45,471.88 |
| June 30, 2004 | $27,151.76 |
| September 30, 2004 | $45,471.88 |

41.   A delegate of the Secretary of the Treasury duly issued notice of the assessments described in Paragraph 40, above, to the counterclaim defendant Mark T. Clark, and made demand for payment.

42.   Despite notice and demand, the counterclaim defendant Mark T. Clark has failed, neglected or refused to pay his tax liabilities in full, and as such, he remains indebted to the United States for an unpaid assessed balance of $196,983.76, less any payments and credits, plus interest accruing after September 5, 2007.

43.   On March 22, 2007, a delegate of the Secretary of the Treasury made an assessment in accordance with law against the counterclaim defendant Charles Green for a tax penalty, pursuant to 26 U.S.C. § 6672, by reason of his willful failure to collect, truthfully account for, and pay over income and Federal Insurance Contributions Act ("FICA") taxes

withheld from employees of Tolbert's Roofing and Construction, Inc.  The chart below shows the amounts assessed for the respective quarters:

| TAX PERIOD ENDING | ASSESSED AMOUNT OF TRUST FUND RECOVERY PENALTY |
|---|---|
| March 31, 2003 | $44,327.09 |
| June 30, 2003 | $ 9,038.23 |
| September 30, 2003 | $ 6,784.75 |
| December 31, 2003 | $18,738.12 |
| March 31, 2004 | $45,471.88 |
| June 30, 2004 | $27,151.76 |
| September 30, 2004 | $45,471.88 |

44.     A delegate of the Secretary of the Treasury duly issued notice of the assessments described in Paragraph 43, above, to the counterclaim defendant Charles Green, and made demand for payment.

45.     Despite notice and demand, the counterclaim defendant Charles Green has failed, neglected or refused to pay his tax liabilities in full, and as such, he remains indebted to the United States for an unpaid assessed balance of $196,983.76, less any payments and credits, plus interest accruing after March 22, 2007.

WHEREFORE, the defendant and counterclaim plaintiff, United States of America, prays that the Court enter a judgment (a) dismissing the complaint of the plaintiff Mark T. Clark; (b) entering a judgment in favor of the counterclaim plaintiff United States of America and against the counterclaim defendant, Mark T. Clark, in the amount of $196,983.76, plus interest accruing after September 5, 2007, until the judgment is satisfied; (c) entering a judgment in favor of the

counterclaim plaintiff, United States of America, and against the counterclaim defendant, Charles Green, in the amount of $196,983.76, plus interest accruing after March 22, 2007, until the judgment is satisfied; (d) for its fees and costs in the action; and (e) such other and further relief as the Court shall deem just and proper.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


        /s/ Raagnee Beri
        RAAGNEE BERI
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 305-7917
        Fax: (202) 514-5238
        Email: Raagnee.Beri@usdoj.gov

## JURY DEMAND

The defendant and counterclaim plaintiff, United States of America hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


/s/ Raagnee Beri
RAAGNEE BERI
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-7917
Fax: (202) 514-5238
Email: Raagnee.Beri@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, I electronically filed the foregoing UNITED STATES OF AMERICA'S ANSWER AND COUNTERCLAIM WITH DEMAND FOR JURY TRIAL, with the Clerk of Court using the CM/ECF system which will automatically sent notification of such filing to the following:

>Timothy M. Hughes
>501 W Colfax
>Palatine, Illinois 60067
>thughes@lavellelaw.com

Parties may access this filing through the Court's system.

I hereby certify that on July 14, 2008, a copy of the foregoing UNITED STATES OF AMERICA'S ANSWER AND COUNTERCLAIM WITH DEMAND FOR JURY TRIAL, was deposited in the United States mail, postage prepaid, addressed to:

>Charles Green
>4246 South Wells Street
>Chicago, Illinois 60609

>/s/ Raagnee Beri
>RAAGNEE BERI
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 305-7917
>Fax: (202) 514-5238
>E-mail: Raagnee.Beri@usdoj.gov